IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DENNIS FISHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00884-O-BP |
| | § | |
| BELL TEXTRON INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion to Dismiss for Failure to State a Claim and Brief in Support that Defendant Bell Textron Inc. ("Bell") filed on November 11, 2024 (ECF No. 13), and the Response to Bell's Motion to Dismiss that Plaintiff Dennis Fisher ("Fisher") filed on December 5, 2024 (ECF No. 15). Also before the Court is Bell's First Motion to Dismiss and Brief in Support filed on October 4, 2024 (ECF No. 7). This case was referred to the undersigned automatically pursuant to Special Order 3 on September 16, 2024. ECF No. 3. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY AS MOOT** Defendant's First Motion to Dismiss (ECF No. 7), **GRANT** Defendant's Motion to Dismiss (ECF No. 13), and **DISMISS** the claims against Bell **WITH PREJUDICE**.

**I.   BACKGROUND**

Fisher originally brought this case in the 141st Judicial District Court of Tarrant County, Texas on August 9, 2024. ECF No. 1-2. Fisher filed an amended petition in that court on August 13, 2024. ECF No. 1-6. Bell removed the case to this Court on September 16, 2024. ECF No. 1. In his petition, Fisher asserts claims of wrongful termination, discrimination, and, more broadly,

violation of his constitutional rights. ECF No. 1-2 at 2-3. On September 19, 2024, the Court ordered Fisher to file an amended complaint that set forth a short and plain statement supporting his cause of action under Federal Rules of Civil Procedure 8(a) and 15(a) and Local Civil Rule 7.1. ECF No. 5. After he did not do so, the Court extended the deadline and again ordered Fisher to file an amended pleading. ECF No. 10. Fisher filed the amended complaint on October 28, 2024. ECF No. 11.

Taken together, the petitions and amended complaint allege that Bell terminated Fisher's employment on September 7, 2021. ECF Nos. 1-2, 1-6, 11. Bell allegedly discriminated against Fisher by denying his "reasonable accommodation" to work from home during the Covid-19 pandemic because he "get[s] sick easily." ECF No. 11 at 2-3. Fisher also alleges that Bell wrongly terminated him. *Id*. Fisher asserts that he was having issues with his laptop computer when his boss wrote him up for "Incompetence and Loafing and/or Inadequate Production," and required him to attend an Employee Assistance Program. *Id*. In the program, Fisher had to attend mandatory treatment at a mental hospital. *Id*. When Fisher did not attend treatment sessions as required, Bell terminated his employment by letter on September 7, 2021. *Id*. Liberally construed, the petitions and amended complaint allege discrimination in violation of Chapter 21 of the Texas Labor Code, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act of 1990 ("the ADA"). *See* ECF Nos. 1-2, 1-6, 11.

Bell filed its first Motion to Dismiss on October 4, 2024, before Fisher filed his amended complaint. ECF No. 7. Bell addresses Fisher's amended complaint in its second Motion to Dismiss, filed on November 11, 2024, which is the Motion at issue here. ECF No. 13. In the Motion, Bell argues that the Court should dismiss Fisher's discrimination claims because he did not exhaust administrative remedies and should dismiss his Chapter 21 claims because they are time-barred.

2

ECF No. 13. Fisher responds that Bell has "altered" the documents it provides, that Bell's alleged timing is incorrect, and that his suit is timely. ECF No. 15.

## II.     LEGAL STANDARDS

### A.     Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a viable claim for relief, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 547). In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A statute of limitations may support dismissal under Rule 12(b)(6) when it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or avoidance of the bar. *Jones v. ALCOA, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

### B.     Pro se parties

The Court subjects a *pro se* party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less

3

stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

The liberal construction of *pro se* pleadings stems from a "well-established policy that [plaintiffs] be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus whenever possible the Fifth Circuit recommends that suits be dismissed without prejudice on Rule 12 motions. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Id.* However, a complaint may be dismissed with prejudice, thus foreclosing that opportunity, whenever amendment of the pleadings would be futile. *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016).

### III.     ANALYSIS

#### A.     Fisher has not exhausted his administrative remedies for violations of Title VII and the ADA.

"Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). Administrative exhaustion "occurs when the plaintiff files a timely charge with the [Equal Employment Opportunity Commission ("EEOC")] and receives a statutory notice of right to sue,"

*id.* at 379, or when he "file[s] [] a timely charge with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice." *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996).

Under both Title VII and the ADA, a plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged incident of discrimination or risk dismissal of his claims. *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1304 (5th Cir. 1979) (holding that a complaint filed with the EEOC beyond 180 days was time-barred under 42 U.S.C. s 2000e-5(e) and was properly dismissed for want of jurisdiction); *Dao*, 96 F.3d at 789 (holding that a plaintiff must exhaust remedies in same manner for ADA and Title VII claims). However, if the discriminatory practice occurred in a state with a fair employment agency that grants relief, Title VII and the ADA permit the complainant to file his charge with the state or local agency. *Fort Bend Cnty., Tex.* v. *Davis*, 587 U.S. 541, 543-544 (2019). The complainant then has 300 days following the challenged practice, or 30 days after receiving notice that state or local proceedings have ended, whichever is earlier, to file a charge with the EEOC. *Id*.

Proper administrative exhaustion is not a technicality or procedural "gotcha," but rather an integral due process protection that affords defendants fair notice of potential claims. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 272 (5th Cir. 2008). A plaintiff must exhaust his available remedies "before seeking judicial relief." *Id*. at 273. A plaintiff's *pro se* status does not alter the analysis or otherwise turn this requirement into a suggestion. *See Cruce v. Brazosport Indep. Sch. Dist.*, 703 F.2d 862, 863 (5th Cir. 1983); *Taylor*, 296 F.3d at 378-79; *Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 478 (5th Cir. 1997).

Bell terminated Fisher's employment on September 7, 2021. ECF No. 1-2 at 3. Fisher wrote in his EEOC charge of discrimination that September 7, 2021, was the latest date of discrimination.

ECF No. 13-1. However, Fisher claims that on the charge letter there was a "4 mm square box checked showing 'CONTINUING ACTION,'" but that the "[input] representative did not include this." ECF No. 15 at 3. This appears in the Texas Workforce Commission ("TWC") Inquiry Form, where Fisher lists the latest date of discrimination as September 7, 2021, but does check the box that notes "Continuing Action." ECF No. 15 at 7. Thus, Fisher claims that since the discrimination was ongoing, the time for filing has not expired. *Id*. However, this TWC Inquiry Form states multiple times that "Submitting this Complaint Form DOES NOT represent filing a formal Charge of Discrimination." ECF No. 15 at 6-8. Further, September 7, 2021, is the last date of any possible discriminatory conduct against Fisher because he was no longer employed by Bell after that date. Thus, September 7, 2021, is the date from which the statute of limitations on his claims began.

Because Bell's alleged discriminatory conduct occurred in Texas, which has a state fair employment agency that grants relief to remedy employment discrimination, Fisher had until July 4, 2022, to file his charge with the EEOC, which was 300 days after the date that Bell terminated his employment. *See Mennor v. Fort Hood Nat. Bank*, 829 F.2d 553, 554-55 (5th Cir. 1987) (holding that the Texas Commission on Human Rights [now the TWC] is a state agency with authority to grant relief for unlawful employment practices).

Although the parties do not agree on the date that Fisher filed his charge with the EEOC, the facts viewed in the light most favorable to Fisher show that he filed it on July 10, 2022, as Bell suggests. ECF No. 13 at 3-4. In support of this date, Bell attaches the charge to its Motion which lists July 10, 2022, as the date Fisher signed the charge. ECF No. 13-1. In response, Fisher alleges that Bell "altered" the document because it contains a Fair Employment Practices Agency number and an EEOC number, which are not shown on his documents. ECF No. 15 at 3. Fisher provides a document with a "Docusign Certificate of Completion" that states that the document was

"completed" on February 13, 2022. ECF No. 15 at 6-8. However, this document is the TWC Inquiry Form, not the official charge. *Id*. Fisher's copy of the official charge also contains a "Docusign Certificate of Completion." *Id*. at 9-11. While Fisher points to many dates on this Certificate, such as the date it was sent to him, the completion date is listed as July 10, 2022. *Id*. Thus, even if Fisher is correct that Bell's copy of the charge was altered in some way, Fisher's own copy and additional Certificate of Completion show that he completed the charge of discrimination form on July 10, 2022.

As a result, Fisher did not file the charge with the EEOC until 306 days after he left Bell's employ. ECF No. 13-1. Therefore, Fisher's Title VII and ADA claims are time-barred absent any tolling exceptions. Filing a timely charge of discrimination with the EEOC, like a statute of limitations, is subject to equitable doctrines such as estoppel and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (footnote omitted). The courts are to apply such doctrines sparingly. *AMTRAK v. Morgan*, 536 U.S. 101, 113 (2002).

Equitable tolling applies only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 927, 930 (5th Cir. 2000). The Fifth Circuit has described at least three bases for equitable tolling: "(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of his rights." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). The party seeking to toll limitations has the burden of proving the need for tolling. *Teemac v. Henderson*, 298 F.3d 452, 454 (5th Cir. 2000).

Fisher has not alleged any facts to suggest that any of the three bases for equitable tolling apply in his case. To satisfy the first basis for tolling, the Fifth Circuit has held that it arises only in "the rare case when the parties have been litigating an action in state court, but they later discover

7

that they chose the wrong forum under state law." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003). Here, Fisher does not claim that the pendency of a parallel state proceeding delayed him in filing his charge with the EEOC.

The most common basis for tolling is the second scenario when "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Teemac*, 298 F.3d at 454 (quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)). However, employer misconduct does not justify equitable tolling if the plaintiff knew of his rights. *Clark v. Resistoflex Co.*, 854 F.2d 762, 767-68 (5th Cir. 1988). Fisher does not allege that Bell attempted to conceal any facts surrounding his claim or prevented him from asserting his rights. As a result, the second basis for tolling does not apply in this case.

To secure tolling under the third basis, Fisher must show that the EEOC provided information that was "affirmatively wrong." *Ramirez v. City of San Antonio*, 312 F.3d 178, 184 (5th Cir. 2002). Fisher does not claim that the EEOC provided him any information prior to filing his claim, let alone any information that was "affirmatively wrong." Accordingly, Fisher has not established that he is entitled to equitable tolling.

Fisher also has not stated any facts that would equitably estop Bell from asserting the limitations period for filing a charge of discrimination. "Equitable estoppel … examines the defendant's conduct and the extent to which the plaintiff has been induced to refrain from exercising his rights." *Clark*, 854 F.2d at 769 n.4 (quoting *Felty v. Graves-Humphreys*, 785 F.2d 516, 519 (4th Cir. 1986)). "The doctrine may properly be invoked when the employee's untimeliness in filing [his] charge results from either the employer's deliberate design to delay the filing or actions that the employer should unmistakably have understood would result in the employee's delay." *Clark*, 854 F.2d at 769 (internal quotations and citations omitted).

While he does not directly allege that Bell either prevented him from filing a charge with the EEOC or withheld relevant information from him, Fisher makes two arguments in relation to Bell's actions that seem to be seeking tolling or estoppel. First, he argues that Bell listed the incorrect agent for service of process on the TWC letter of determination, which "caused him to not receive the notice from TWC since it had to be signed off from her." ECF No. 11 at 6. He alleges that "[Bell] knows exactly who [their] service of process agent is and this was done to make sure [Fisher] sent the petition to the wrong location and miss the deadline for filing the law suit." *Id*. However, in the document that Fisher provides, Bell's employee was not required to sign the document, and regardless, the document shows that Fisher viewed the document on June 12, 2024, a day after it was sent. *Id*. at 34. Even further, this letter provided Fisher's "Notice of Right to File Civil Suit," which gave him sixty days from the receipt of the notice to file a civil action. *Id*. Bell is not arguing that Fisher missed the sixty-day deadline from the receipt of this letter. Sixty days from June 12, 2024, is August 11, 2024, and Fisher filed his suit on August 9, 2024. It is not disputed whether Fisher filed suit against Bell within the sixty-day deadline, and Fisher's argument regarding Bell's "service of process agent," is not persuasive.

Finally, Fisher seems to argue that since magistrate judges have the authority to enter and modify scheduling orders, he has not missed any deadlines because the undersigned has extended certain of the filing deadlines in this case. ECF No. 15 at 1. However, Bell's Motion does not address these pretrial scheduling deadlines, only the deadlines to file and commence the case when Fisher initially filed it. *See* ECF No. 13. Thus, this argument also is not persuasive.

Fisher did not file his charge with the EEOC in a timely manner. Nor did he plead facts to show that his charge was subject to equitable tolling, or that Bell should be equitably estopped from enforcing the filing deadline. Therefore, since Fisher's termination occurred more than 300

days before he filed his charge with the EEOC, Judge O'Connor should dismiss Fisher's Title VII and ADA claims as time barred.

Ordinarily, "[w]hen a district court dismisses a claim under Rule 12(b)(6) for failure to exhaust administrative remedies, the dismissal is without prejudice to the claimant's right to return to court after it has exhausted its administrative remedies." *Martin K. Eby Const. Co., Inc. v. Dall. Area Rapid Transit,* 369 F.3d 464, 467 n.5 (5th Cir. 2004) (citing *Taylor,* 127 F.3d at 478; *Story v. Gibson*, 896 F.3d 693, 698 n.2 (5th Cir. 2018); *Crawford v. Tex. Army Nat'l Guard,* 794 F.2d 1034, 1035, 1037 (5th Cir. 1986)). However, dismissal with prejudice is appropriate when a plaintiff could not successfully bring his claim even if given the opportunity to amend it and fix its facial deficiencies. *Stem*, 813 F.3d at 215-16. Accordingly, Judge O'Connor should dismiss Fisher's Title VII and ADA claims with prejudice since further amendment could not cure the untimeliness of his claims.

**B.      Fisher's Chapter 21 claims are time-barred.**

Bell asserts that Fisher's Chapter 21 claims are subject to dismissal as untimely. ECF No. 13 at 4. Fisher does not directly address this argument other than his claims addressed above regarding Bell's agent for service of process and the various pretrial deadlines that the undersigned extended. *See* ECF No. 15.

The Texas Labor Code required Fisher to bring any civil claims under Chapter 21 against Bell before "the second anniversary of the date the complaint relating to the action is filed." Tex. Lab. Code § 21.256. Here, there is no dispute that Fisher filed this suit on August 9, 2024, which was more than two years after he filed his charge of discrimination with the EEOC on June 10, 2022. Fisher does not plead any facts to show that he is entitled to equitable tolling of Chapter 21's two-year deadline or that Bell should be equitably estopped from enforcing the deadline.

Consequently, Fisher's claims arising under Chapter 21 of the Texas Labor Code are time-barred, and Fisher could not successfully bring his claim even if given the opportunity to amend it and fix its facial deficiencies. Accordingly, Judge O'Connor should dismiss Fisher's Chapter 21 claims with prejudice since further amendment could not cure the untimeliness of his claims and would be futile.

## IV.   CONCLUSION

Because Bell's first Motion to Dismiss addressed Fisher's amended state court petition and not the live pleading, the undersigned **RECOMMENDS** that Judge O'Connor **DENY AS MOOT** Bell's first Motion to Dismiss. ECF No. 7. Further, because Fisher failed to exhaust administrative remedies for his Title VII and ADA claims and his Chapter 21 claims are time-barred and cannot be cured by amendment, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Bell's Motion to Dismiss (ECF No. 13) and **DISMISS** Fisher's claims against Bell **WITH PREJUDICE**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on February 24, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE